IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZEHY JEREIS, | : |
| | : |
|     Petitioner | :    CIVIL NO. 1:15-CV-02158 |
| | : |
|  vs. | : |
| | : |
| WARDEN LEWISBURG | :    (Judge Rambo) |
| SATELLITE CAMP | : |
| | : |
|     Respondent | : |

## MEMORANDUM

## Background

On November 9, 2015, Petitioner Zehy Jereis, a federal prisoner confined at the minimum security satellite camp of the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Jereis claimed that he was not given credits for time served after entering a plea of guilty to a criminal charge but prior to the sentence being imposed and that good conduct time was improperly omitted from his sentence calculation. Jereis paid the $5.00 filing fee.

The petition was given preliminary screening pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241

cases by Rule 1 thereof,[1] and because it did not plainly appear from the petition that Jereis was not entitled to relief the court on November 30, 2015, directed that it be served on Respondent.  A response to the petition was filed on December 21, 2015.  Petitioner filed a traverse on January 4, 2016.  The court on January 12, 2016, authorized the filing of sur-reply brief and on that date one was filed.  The petition is ripe for disposition and for the reasons set forth below it will be denied.

**Discussion**

On May 17, 2011, an eleven-count, superseding Indictment was filed in the United States District Court for the Southern District of New York against Jereis and one other individuals, charging them with several offenses, including conspiracy to accept corrupt

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

payments. <u>United States v. Jereis</u>, 1:10-cr-00007-CM-2 (S.D.N.Y. May 17, 2010), ECF No. 94 (PACER).[2]

A jury trial occurred in February and March, 2012, and on March 29, 2012, Jereis was found guilty of conspiracy to make corrupt payments and the four other counts of which he was charged. ECF Nos. 163, 199 and 220. On November 19, 2012, Jereis was sentenced to a term of 48 months on each of the counts to be served concurrently and he was ordered to surrender for service of the sentence at the institution designated by the Federal Bureau of Prisons before 2 p.m. on March 4, 2013. ECF No. 220.

During the interval between the date the sentence was imposed and the date of surrender, Jereis was investigated for Aiding and Assisting the Preparation of False Payroll Tax Returns and on March 4, 2013, waived indictment by a grand jury and pled guilty to an Information charging him with that offense. <u>United

---

2. The court docket for this case was accessed using the Public Access to Court Electronic Records (PACER) which is an electronic database of United States federal court documents.

States v. Jereis, 1:13-cr-00146-ER-1 (S.D.N.Y. March 4, 2013), ECF Nos. 1, 2, 5 and 22.  Jereis after pleading guilty was released on his own recognizance in order to surrender to the Lewisburg Satellite Prison Camp to commence serving the 48-month sentence. ECF No. 3.  A presentence investigation was ordered and sentencing deferred with respect to the offense of Aiding and Assisting the Preparation of False Payroll Tax Returns pending the completion of the presentence investigation. Unnumbered ECF docket annotation (March 4, 2013).

     On March 21, 2013, the Federal Bureau of Prisons with respect to the 48-month sentence set Jereis' home detention eligibility at April 3, 2016, and his release date as August 26, 2016. Doc. 1-2, Exhibit B attached to Jereis' Habeas Petition.

     On October 2, 2015, Jereis was sentenced by Judge Ramos on the payroll tax charge to 15 months imprisonment, five months to be served concurrently with his previous sentence of 48 months and 10 months consecutive. United States v. Jereis, 1:13-cr-00146-ER-1 (S.D.N.Y.) ECF Nos. 23 and 25.

A review of the transcript of the sentencing reveals that the following exchanges occurred between Judge Ramos, counsel for Jereis and the assistant United States attorney:

> The court: . . . Does counsel know of any legal reason, other than what was already argued that the sentence should not be imposed as stated?
>
> Ms. Schwartz Frome [counsel for Jereis]: Your Honor, Mr. Jereis served seven months of the sentence. He surrendered on March 4, and your Honor had his bail status remanded so that he was obtaining credit for the sentence during the time that he was serving. So I don't know whether that effects –
>
> Mr. Halperin [AUSA]: He served seven months on the crimes for which he was convicted before Judge McMahon. March 4 was his surrender date. If the Court remembers, the Court took the plea in the morning, Mr. Jereis drove himself to Pennsylvania and surrendered, which was scheduled before the plea even happened.
>
> I don't see what relevance that has to the calculation that counsel raised with the Court.
>
> Ms. Schwartz Frome: Because your Honor then had his bail changed from ROR to remanded, so once he was remanded he commenced to serve this sentence, I believe.
>
> The Court: How does that effect the calculation, the ten-month consecutive to the 48 month?
>
> Ms. Schwartz Frome: If he served seven months, you sentence him to 15 month, there is only

eight months left.

Mr. Halperin: Judge, that clearly undermines the goal of what this Court is trying to do at sentence. That was the sentence that he was going to be serving starting on March 4, 2013, no matter what happened here at all. That was the surrender date that Judge McMahon had ordered. So counsel is trying to do an end-run around this Court's order that he should serve ten months consecutively to the end of the 48 months, which is what I think the Court is trying to do. Counsel is trying to argue that somehow he already served seven of the 15 months, so it should only be eight months consecutive, which frankly is insulting to the Court.

The Court: It is the Court's intention that he serve ten months consecutively to the 48 months. We can do it that way – I don't think it's necessary to do it that way. What we can do, if he's served seven months –

Mr. Halperin: Then the Court can impose a sentence of 17 months.

The Court: Correct.

Ms. Schwartz Frome: Your Honor, I think that your Honor just said that 15 months is an appropriate sentence. If he served seven months I would request that the Court say eight months.

The Court: But if you're bringing to my attention an arithmetic mistake, which effects the actual sentence that he will serve, then it is the Court's intention that he serve ten months in addition to the 48 months. So I can sentence him to 17 months incarceration, and five months consecutive for a total of 22

6

months.

    I was going to sentence him to five months concurrent and ten months consecutive. So I can do it that way.

Ms. Schwartz Frome: Your Honor, it would have to be 17, I would think.

The Court: Seventeen what?

Ms. Schwartz Frome: Seventeen months with ten months consecutive. He served seven.

Mr. Halperin: I think that is right, your Honor. He served seven. And just the question is, I'm not even sure if the Court's – withdrawn.

    I think what we need to do is consult with BOP, see if there are, how they would calculate it. My understanding is that the seven months for which he served applies to Judge McMahon's sentence that was previously imposed. I don't think he gets credit for both sentences.

The Court: I think consecutive means consecutive; and consecutive does not mean concurrent. So if he's serving the seven months on this sentence, per your argument, then he gets the 48 months when that's done. I don't know that there is any reason to change the way that I –

Ms. Schwartz Frome: I'm not sure, your Honor. I don't want the Court to make an error. I felt I had to bring it to your attention.

Mr. Halperin: I think as long as the J&C reflects the Court's intention, which is that the BOP run five months of this Court's sentence concurrent with the 48-month term that Judge McMahon imposed, that the BOP then run ten

7

>  months consecutive, added to the end of the
>  48-month imprisonment.  I don't think the BOP
>  will be confused with that.
>
>  The Court: I think that's right.
>
>  Ms. Schwartz Frome: Okay.
>
>  The Court: Let the record reflect, it is the
>  Court's intention that he serve ten months
>  consecutive, a total of 58 months incarceration
>  on this charge and on the underlying charge,
>  the underlying corruption charge.  Anything
>  further?
>
>  Ms. Schwartz Frome: No, your Honor.
>
>  The Court: Okay.  It is the judgment of this
>  Court that Mr. Jereis be sentenced to the
>  Custody of the Bureau of Prisons for 15 months
>  on count of conviction, five months of which
>  will be served concurrently to his undischarged
>  term of imprisonment, and ten months to be
>  served consecutively to his undischarged term.
>
>  \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ECF No. 23, at 28-32.  After the 15-month sentence was imposed the Federal Bureau of Prisons recalculated Jereis' home detention eligibility date to November 26, 2016, and his release date to May 20, 2017. Doc. 1-2, Exhibit C attached to Jereis' Habeas Petition.

Jereis in the present petition is contending that the Federal Bureau of Prisons did not give him credit for the 7 months he allegedly served in

"presentence incarceration" on the payroll tax charge. In a declaration accompany the habeas petition, attorney Frome states: "He was sentenced on October 2, 2013, after having been remanded for 7 months on that sentence. This time has not been acknowledged by the Bureau of Prisons. Rather, they added the entire consecutive 10 months to his sentence." Doc. 2, ¶ 19.

In addition to the above argument counsel for Jereis makes the following two arguments:

> 21. Moreover, the "concurrent" portion of the sentence could not commence until Mr. Jereis was actually sentenced. Therefore, the Bureau of Prisons should have deducted the 5 months concurrent time from the eight months remaining in his sentence.
>
> 22. Therefore, the addition to Mr. Jereis' remaining sentence should have been three months, less any credit for good time.
>
> 23. Moreover, the good time credit was not correctly calculated. Mr. Jereis's presumptive release date went from August 26, 2016, to May 20, 2017, and increase of 9 months. However, because Mr. Jereis' sentence was 15 months, his good time credits should be at least 54 days. 18 U.S.C. § 3624. Therefore, his good time credits should be increased, and his release date adjusted accordingly.

Doc. 2. The court finds no merit in Jereis' position. Jereis is attempting to circumvent the intent of the sentencing judge.

18 U.S.C. § 3585(a) and BOP Program Statement 5880.28 provide that a sentence cannot begin to run prior to the date on which it is imposed. This rule for the commencement of a sentence, as it pertains to concurrent sentence situation, precludes a subsequent sentence from beginning prior to being imposed. Section 3584(c) also requires multiple terms of imprisonment to be "treated for administrative purposes as a single, aggregate term of imprisonment."

The BOP prepared a sentence computation for Jereis which aggregated the preexisting 48-month term with the consecutive 10-month portion of the 15-month sentence. The 5-month concurrent portion was absorbed by the 48-month term. Consequently, Jereis' total aggregate sentence was a term of 4 years and 10 months or 58 months and it was computed to commence on March 4, 2013 which was the day Jereis voluntarily surrendered with credit in the amount of 1 day for time spent in custody on January 6, 2010. Jereis contends that he

should have received 261 days of presumptive Good Conduct Time (GCT). This argument lacks merit.

Pursuant to 18 U.S.C. § 3524(b)(1) an inmate is entitled to 54 days GCT for each year of incarceration. The BOP calculated that Jereis would accumulate 227 days of GCT and set his projected release date based on that GCT as May 20, 2017. BOP Program Statement 5884.03 provides that GCT is "prorated when the time served by the inmate for the sentence during the year is less than a full year." The BOP correctly calculated that from March 3, 2013, to March 2, 2014, he would receive 54 days; from March 3, 2014, to March 2, 2015, he would receive 54 days; from March 3, 2015, to March 2, 2016, he would receive 54 days; from March 3, 2016, to March 2, 2017, he would receive 54 days; and from March 3, 2017, to May 2017, he would receive 11 days. (See doc. 10-1, at 5.)[3] This calculation resulted in a total GCT

---

3. The Respondent submitted a declaration under penalty of perjury from Darla Henderson, who has been employed by the BOP since 1988. Ms. Henderson has worked in the area of sentence computation since September, 1990.
(continued...)

11

of 227 days. (Id.) In light of the controlling statutes and BOP Program Statements and the evidence in the record, Jereis' habeas petition is without merit.

Finally, because Jereis is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

---

3. (...continued)
Since May 2014 she has been employed as a Management Analyst at the Designation and Sentence Computation Center. (See Doc. 10-1.)